UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ANGEL ZAMBRANO ROIS,

Petitioner,

v. Case No. 3:26-cv-1309-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Miguel Angel Zambrano Rois, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1). The crux of Zambrano Rois's Petition is that he is subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him to a bond hearing. See Doc. 1 at 5–7. As relief, he asks the Court to direct his immediate release or direct Respondents to provide him with an individualized bond hearing. Id. at 7–8.

Zambrano Rois received a bond hearing on May 12, 2026; the immigration judge denied bond. See Doc. 12-1 at 12. Therefore, the Court finds

the Petition is due to be dismissed as moot.[1] To the extent Zambrano Rois disagrees with the outcome of the bond hearing, the Court may not conduct a new bond hearing or reweigh the evidence presented to the immigration judge.[2] See 8 U.S.C. § 1226(e). Instead, Zambrano Rois may appeal the immigration judge's decision to the Board of Immigration Appeals. See 8 C.F.R. § 1003.1(b)(7). Or, he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. See 8 C.F.R. § 1003.19(e).

Accordingly, it is **ORDERED**:

1. Zambrano Rois's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

2. Zambrano Rois's Motion for a Temporary Restraining Order (Doc. 2), Zambrano Rois's Motion for Status (Doc. 3), and Respondent Warden's Motion to Dismiss (Doc. 9) are **DENIED as moot**.

---

[1] Zambrano Rois is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

[2] The Court does have jurisdiction to consider any constitutional claims that Zambrano Rois may raise regarding his bond hearing. See, e.g., Rubio v. Hardin, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026). However, Zambrano Rois does not raise such a claim in this case.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/16
c:
Miguel Angel Zambrano Rois, #A205438500
Counsel of record